HANLON, JUDGE:
Claimant James E. Miller, Jr., brought this action to recover damages for injuries he received in a fall at the West Virginia Penitentiary in Moundsville, West Virginia. Claimant alleges that respondent was negligent in allowing excess garbage to flow onto the dining room floor posing a hazard to those individuals using the dining facility at the Penitentiary.
Respondent contends that claimant was aware of the condition of debris on the floor and that claimant was negligent when he walked through the area. Respondent also contends that surgical procedures were available to claimant to correct the injury to his back while he was still incarcerated at the West Virginia Penitentiary or at Huttonsville Correctional Facility and, therefore, claimant may not now recover for medical expenses, loss of wages, and pain and suffering when he declined to have the surgery while in the custody of respondent.
Claimant was incarcerated at the West Virginia Penitentiary from July, 1981, until July, 1984. In 1983, claimant had surgery for a back injury which he had received while lifting weights in a contest at the Penitentiary. Two discs were crushed in the incident. Claimant had surgery to repair the discs. After two weeks in the hospital, claimant returned to the infirmary at the Penitentiary on August 2, 1983. Approximately a week later on August 8, 1983, claimant was required to walk from the infirmary to the dining facility to eat his meals. Claimant proceeded to the dining facility for his lunch. As he was leaving the dining room through the only exit area, he dumped the remains on his tray into a garbage can placed for that purpose. As he proceeded to exit from the dining room he was speaking to a guard. At that moment he slipped on a slice of pickle and ended up on his back on the floor. There as debris in solid and liquid form on the floor of the dining facility at the exit area from the garbage can to the exit door for several feet. Claimant testified that he walked around most of the debris. However, he stated that"... you couldn't walk around the juice. There was just a string of it running, just a pool of it all the way down the hall."
As a result of this fall, claimant suffered another back injury for which he was hospitalized at Reynolds Memorial Hospital. While there as a patient, he was given a CAT scan and a myelogram which revealed that he had a slipped disc and a pinched nerve. This disc was the same one for which claimant had received surgery and for which he was recovering. Fearing further surgical treatment, claimant requested therapy treatment. For the next three months he received this treatment. He was then transferred to Huttonsville Correctional Facility. He was treated for the back injury while at Huttonsville also. He had another CAT scan and myelogram. He was placed in a body cast which was removed after one day. He then received further physical therapy. He was offered surgical treatment but declined that option.
*47 Since his release from Huttonsville Correctional Facility, claimant has received further physical therapy. However, his physician recommends surgery as a permanent cure for the herniated disc.
Claimant's back injury has prevented him from returning to full-time employment in the dry cleaning industry as he is unable to perform heavy lifting duties. He has been generally employed that industry at $5.00 per hour for 20 hours per week.
The Court is of the opinion that the respondent's employees were negligent in allowing garbage to overflow onto the floor of the dining facility at the West Virginia Penitentiary. The testimony revealed that the garbage can had holes in it, no plastic gab liners were used, nor were employees or inmates required to keep the floor free from debris. There was only one exit area and all inmates were required to use the exit. Garbage debris in solid or liquid form on a floor presents a hazardous condition. It is foreseeable that persons could slip in it and sustain an injury. Therefore, the Court holds that the negligence of respondent was the proximate cause of the injury received by the claimant.
However, respondent offered proper surgical treatment to claimant who refused this treatment for a permanent cure of his back injury. Claimant now comes before this Court requesting a monetary award for this same surgery which was offered to him in 1984. The Court, after careful consideration of claimant's testimony concerning his fear of surgery, has determined that claimant may recover for the cost of the surgery which has been estimated to be $3,000.00 an amount to compensate him and for the period of convalescence that can be expected in the amount $2,000.00. He may not recover for any loss of wages or pain and suffering that has resulted from his choice to refuse surgery in 1984.
Award of $5,000.00.